MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
HORWIN VENTURA, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

-against-

RELAY DELIVERY INC. (D/B/A RELAY), ALEX BLUM, and MICHAEL CHEVETT,

                *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Horwin Ventura ("Plaintiff Ventura" or "Mr. Ventura"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Relay Delivery Inc. (d/b/a Relay), ("Defendant Corporation"), Alex Blum and Michael Chevett, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Ventura is a current employee of Defendants Relay Delivery Inc. (d/b/a Relay), Alex Blum, and Michael Chevett.

2. Defendants own, operate, or control a delivery company, located at 440 Park Avenue South 14th Floor New York, NY 10016 under the name "Relay".

3. Upon information and belief, individual Defendants Alex Blum and Michael Chevett, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the Delivery Company as a joint or unified enterprise.

4. Plaintiff Ventura has been an employee of Defendants.

5. Plaintiff Ventura has been employed as a delivery worker at the Delivery company located at 440 Park Avenue South 14th Floor New York, NY 10016.

6. At all times relevant to this Complaint, Plaintiff Ventura has worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he has worked.

7. Rather, Defendants have failed to pay Plaintiff Ventura appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. In fact, at all relevant times, Defendants have paid Plaintiff Ventura at a rate that is lower than the required tip-credit rate.

9. Defendants' conduct has extended beyond Plaintiff Ventura to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Ventura and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Ventura now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Ventura seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Ventura's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a delivery company located in this district. Further, Plaintiff Ventura has been employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Horwin Ventura ("Plaintiff Ventura" or "Mr. Ventura") is an adult individual residing in Bronx County, New York.

16. Plaintiff Ventura has been employed by Defendants at Relay from approximately June 6, 2016 until on or about December 2017 and from approximately February 2018 until the present date.

17. Plaintiff Ventura consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants have owned, operated, or controlled a delivery company, located at 440 Park Avenue South 14th Floor New York, NY 10016 under the name "Relay".

19. Upon information and belief, Relay Delivery Inc. (d/b/a Relay) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 440 Park Avenue South 14th Floor New York, NY 10016.

20. Defendant Alex Blum is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alex Blum is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alex Blum possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ventura, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Michael Chevett is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Chevett is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Michael Chevett possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He

- 5 -

determines the wages and compensation of the employees of Defendants, including Plaintiff Ventura, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a delivery company located in the Nomad neighborhood of Manhattan in New York City.

23. Individual Defendants, Alex Blum and Michael Chevett, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Ventura's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ventura, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Ventura (and all similarly situated employees) and are Plaintiff Ventura's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Ventura and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Alex Blum and Michael Chevett operate Defendant Corporation as either an alter ego of themselves and/or fail to operate

Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of their own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants have been Plaintiff Ventura's employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiff Ventura, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiff Ventura's services.

30. In each year from 2016 to 2018, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the Delivery Company on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Ventura is a current employee of Defendants who has been employed as a delivery worker.

33. Plaintiff Ventura seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Horwin Ventura*

34. Plaintiff Ventura has been employed by Defendants from approximately June 6, 2016 until on or about December 2017 and from approximately February 2018 until the present date.

35. Defendants have ostensibly employed Plaintiff Ventura as a delivery worker.

36. Plaintiff Ventura has regularly handled goods in interstate commerce, such as Food and other supplies produced outside the State of New York.

37. Plaintiff Ventura's work duties have required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Ventura has regularly worked in excess of 40 hours per week.

39. From approximately June 6, 2016 until on or about December 2017, Plaintiff Ventura worked as a delivery worker typically 45 to 50 hours per week, Mondays through Saturdays.

40. From approximately February 2018 until the present date, Plaintiff Ventura has worked as a delivery worker from approximately 7:30 a.m. until on or about 3:00 p.m., Mondays through Saturdays (typically 45 hours per week).

41. Throughout his employment, Defendants have paid Plaintiff Ventura his wages by direct deposit.

42. From approximately June 6, 2016 until on or about December 2017, Defendants paid Plaintiff Ventura $6.00 per hour.

43. From approximately February 2018 until the present date, Defendants have paid Plaintiff Ventura $9.75 per hour.

44. Defendants have never granted Plaintiff Ventura any breaks or meal periods of any kind.

45. No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Ventura regarding overtime and wages under the FLSA and NYLL.

46. Defendants have never provided Plaintiff Ventura an accurate statement of wages, as required by NYLL 195(3).

47. Defendants have never given any notice to Plaintiff Ventura, in English and in Spanish (Plaintiff Ventura's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

48. Defendants have required Plaintiff Ventura to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, a lock and chain, sets of lights, shoes and pants.

*Defendants' General Employment Practices*

49. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Ventura (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

50. Plaintiff Ventura has been a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he has been owed for the hours he has worked.

51. Plaintiff Ventura and all other tipped workers have been paid at a rate that is lower than the lower tip-credit rate by Defendants.

52. In violation of federal and state law as codified above, Defendants have classified Plaintiff Ventura and other tipped workers as tipped employees, and have paid them at a rate that is lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

53. Defendants have failed to inform Plaintiff Ventura who receive tips that Defendants intended to take a deduction against Plaintiff Ventura's earned wages for tip income, as required by the NYLL before any deduction may be taken.

54. Defendants have failed to inform Plaintiff Ventura who received tips, that his tips are being credited towards the payment of the minimum wage.

55. Defendants have failed to maintain a record of tips earned by Plaintiff Ventura who has worked as a delivery worker for the tips he received.

56. Plaintiff Ventura has been paid his wages by direct deposit.

57. Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

58. Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Ventura (and similarly situated individuals) have worked, and to avoid paying Plaintiff Ventura properly for his full hours worked.

59. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60. Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiff Ventura and other similarly situated former workers.

61. Defendants have failed to provide Plaintiff Ventura and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62. Defendants have failed to provide Plaintiff Ventura and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

63. Plaintiff Ventura brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

64. At all relevant times, Plaintiff Ventura and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

65. The claims of Plaintiff Ventura stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

66. Plaintiff Ventura repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants have been Plaintiff Ventura's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have had the power to hire and fire Plaintiff Ventura (and the FLSA Class Members), have controlled the terms and conditions of their employment, and have determined the rate and method of any compensation in exchange for their employment.

68. At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

69. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70. Defendants have failed to pay Plaintiff Ventura (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

71. Defendants' failure to pay Plaintiff Ventura (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff Ventura (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

73. Plaintiff Ventura repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiff Ventura (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75. Defendants' failure to pay Plaintiff Ventura (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

76. Plaintiff Ventura (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

77. Plaintiff Ventura repeats and realleges all paragraphs above as though fully set forth herein.

78. At all times relevant to this action, Defendants have been Plaintiff Ventura's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire Plaintiff Ventura, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

79. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiff Ventura less than the minimum wage.

80. Defendants' failure to pay Plaintiff Ventura the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

81. Plaintiff Ventura has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

82. Plaintiff Ventura repeats and realleges all paragraphs above as though fully set forth herein.

83. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Ventura overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84. Defendants' failure to pay Plaintiff Ventura overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff Ventura has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

86. Plaintiff Ventura repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants have failed to provide Plaintiff Ventura with a written notice, in English and in Spanish (Plaintiff Ventura's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

88. Defendants are liable to Plaintiff Ventura in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

89. Plaintiff Ventura repeats and realleges all paragraphs above as though fully set forth herein.

90. With each payment of wages, Defendants have failed to provide Plaintiff Ventura with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

91. Defendants are liable to Plaintiff Ventura in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

92. Plaintiff Ventura repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants have required Plaintiff Ventura to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

94. Plaintiff Ventura has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ventura respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ventura and the FLSA Class members;

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ventura and the FLSA Class members;

(d) Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ventura's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiff Ventura and the FLSA Class members;

(f) Awarding Plaintiff Ventura and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Ventura and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ventura;

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ventura;

(j) Declaring that Defendants have violated the notice and wage statement requirements of the NYLL with respect to Plaintiff Ventura's compensation, hours, wages; and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiff Ventura;

(l) Awarding Plaintiff Ventura damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable;

(m) Awarding Plaintiff Ventura liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff Ventura and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff Ventura and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)   All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Ventura demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
April 6, 2018

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                                      By:   /s/ Michael Faillace
                                               Michael Faillace [MF-8436]
                                               60 East 42nd Street, Suite 4510
                                               New York, New York 10165
                                               Telephone: (212) 317-1200
                                               Facsimile: (212) 317-1620
                                               *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 28, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: **Horwin Ventura**

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha: 28 de marzo de 2018

*Certified as a minority-owned business in the State of New York*